IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jose Velasquez, Jose Guadalupe Velasquez, Marco J. Cardenas, Cesar Vasquez and Miguel A. Velasquez, *on behalf of themselves,* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 18-cv-7516 |
| Plaintiffs, | | |
| v. | | |
| 8 Aces Construction, Inc. and Jose A. Ochoa, Jr. | | |
| Defendants. | | **JURY DEMAND** |

**COMPLAINT**

Plaintiffs, as a Complaint against Defendants, allege the following:

**NATURE OF THE CASE**

1. This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act.

2. This is an action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Illinois Minimum Wage Law ("IMWL"), and 820 ILCS 105/4a, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/9, on behalf of Plaintiffs Jose Velasquez, Jose Guadalupe Velasquez, Marco J. Cardenas, Cesar Vazquez and Miguel A. Velasquez.

3. In violation of the FLSA, Defendants failed to pay Plaintiffs the minimum wage and overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendants also violated the IMWL by failing to pay Plaintiffs the minimum wage and at the prescribed rate of one and one-half times the employees'

1

regular wage rates for all overtime hours worked. Defendants further violated the IWPCA by failing to pay Plaintiffs for several pay periods.

4. As a remedy for Defendants' acts, Plaintiffs seek relief for unpaid wages, unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and cost.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiffs' FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

6. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiffs Jose Velasquez, Jose Guadalupe Velasquez, Marco J. Cardenas, Cesar Vasquez and Miguel A. Velasquez reside in the Northern District of Illinois, Eastern Division. Within the three-year period prior to the filing of this Complaint, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e), 820 ILCS 105/3(d), and 820 ILCS 115/2. Plaintiffs have signed and filed, along with this Complaint, written consent to sue pursuant to 29 U.S.C. § 216(b).

9. Defendant 8 Aces Construction, Inc. is an Illinois corporation. Defendant 8 Aces Construction, Inc., performs a variety of construction services to its clients.

10. Defendant 8 Aces Construction, Inc. is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

11. At all times relevant herein, Defendant 8 Aces Construction, Inc. is an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

12. Defendant Jose A. Ochoa, Jr. is responsible for oversight of 8 Aces Construction, Inc's. business operations. At all times relevant herein, Defendant Jose A. Ochoa was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the IWPCA, 820 ILCS 115/2.

13. Defendants 8 Aces Construction, Inc. and Jose A. Ochoa, Jr. collectively employed Plaintiffs within the meaning of the FLSA, the IMWL, and the IWPCA and are jointly and severally liable for the violations of law asserted herein.

## FACTUAL ALLEGATIONS

14. During the 3-year period prior to the filing of this Complaint, Plaintiffs worked for Defendants installing drywall in, and outside of Illinois.

15. At all times relevant, Plaintiffs were required to report each workday to different worksites. At all times relevant, Plaintiffs were assigned to work at various locations performing construction labor for Defendants.

16. At all relevant times, and on a customary and regular basis, Plaintiffs worked in excess of 40 hours in a workweek.

17. At all times relevant, Defendants failed to pay Plaintiffs overtime premium wages of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a single workweek.

18. Defendants failed to pay Plaintiffs for several weeks of work performed as well.

19. Plaintiffs have executed consent to sue forms and have attached them to the complaint.

## COUNT ONE
## MINIMUM WAGE VIOLATION, FAIR LABOR STANDARDS ACT (FLSA)

20. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

21. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay wages to Plaintiffs at the minimum hourly rate. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206(a)(1)(c).

22. During the course of Plaintiffs' employment with Defendants, Plaintiffs were owed wages which were never paid and which resulted in their earning less than the minimum hourly wage for those periods of time for which they were not compensated.

23. Pursuant to 29 U.S.C. §206(a)(1)(c), Plaintiffs were entitled to be compensated at the minimum hourly wage prevailing in the location which they worked.

24. Defendants failed to pay Plaintiffs at all for several weeks of work and in so doing failed to pay them the minimum hourly wage.

25. Defendants' failure to pay Plaintiffs wages violated the FLSA, 29 U.S.C. § 206(a)(1)(c).

26. Defendants willfully violated the FLSA by failing and refusing to pay Plaintiffs wages for all time worked.

27. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay wages, and refusal to pay when demand was made, was a willful violation of the FLSA, 29 U.S.C. §206(a)(1)(c).

## COUNT TWO
## MINIMUM WAGE VIOLATION, ILLINOIS
## MINIMUM WAGE LAW (IMWL)

28. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

29. Count two arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for Defendants' failure to pay, at the minimum hourly rate, wages due to Plaintiffs.

30. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

31. Defendants failed to pay Plaintiffs at all for several weeks of work Pursuant to 820 ILCS 105/4, Plaintiffs were entitled to be compensated at the minimum hourly wage prevailing in the location which they worked.

32. Defendants' failure to pay Plaintiffs wages violated the IMWL, 820 ILCS 105/4. Defendants willfully violated the FLSA by refusing to pay Plaintiffs wages for all time worked even after numerous demand were made upon them.

33. Pursuant to 820 ILCS 105/12(a), Plaintiffs were entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

## COUNT THREE
## OVERTIME, FAIR LABOR STANDARDS ACT

34. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

35. Defendants' practice and policy of not paying Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for every hour they worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207.

36. As a result of Defendants' practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

37. Defendants' violations of 29 U.S.C. § 207 were willful.

38. Defendants jointly employed Plaintiffs sand similarly situated workers pursuant to the FLSA and are jointly and severally liable for the FLSA violations.

## COUNT FOUR
## OVERTIME, ILLINOIS MINIMUM WAGE LAW

39. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

40. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

41. Defendants' practice and policy of not paying Plaintiffs overtime compensation at a rate of one and one-half times their regular rates of pay for all of their hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

42. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiffs have been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

43. Defendants jointly employed Plaintiffs pursuant to the IMWL and are jointly and severally liable for the IMWL violations.

## COUNT FIVE
## ILLINOIS WAGE PAYMENT
## AND COLLECTION ACT (IWPCA)

44. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

45. Count five arises from Defendants' failure to pay Plaintiff's earned wages when due in violation of the IWPCA, 820 ILCS 115/4.

46. During the course of Plaintiff's employment by Defendants, the parties had an agreement that Defendants would compensate Plaintiff at agreed upon rates for all time worked.

47. Defendants did not compensate Plaintiff at the rate agreed to by the Parties for all time worked.

48. Defendant's had an obligation to pay all wages within 13 days of the end of the pay period in which they were earned.

49. Defendants jointly employed Plaintiffs to the IWPCA and are jointly and severally liable for the IWPCA violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

A. Award Plaintiffs their unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

B. Award Plaintiffs reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), 820 ILCS 105/12, and 820 ILCS 115/14(a); and

C. Award Plaintiffs pre- and post-judgment interest at the statutory rate of 2% per month; and

'
D. Order such further and additional relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all eligible claims and issues.

Respectfully submitted,
/s/ Jorge Sanchez
One of Plaintiffs' Attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784


Dated: November 13, 2018